The bill of complaint in this matter was brought for rescission of a collective bargaining agreement and to restrain the defendant International Brotherhood of Teamsters, c., Local 680 from continuing with arbitration proceedings and to decree that the award made in the arbitration proceedings be declared illegal and void. The union filed answer and counter-claim, praying the enforcement of the award made in the arbitration proceedings. The hearing on the bill of complaint was had and a decree entered on May 5th, 1947, *Page 227 
dismissing the bill of complaint, and a date for final hearing on the counter-claim of the defendant postponed to a date in the future. The hearing on the counter-claim was held on November 10th, 1947.
The existence of the collective bargaining agreement with the union is not in dispute and it provides for the arbitration of disputes arising thereunder. Such a dispute arose because of the refusal of the company to hire Richard Caulfield on February 3d 1944, and the union undertook to set in motion the arbitration clause provided for in article 24 of the agreement. The complainant refused to attend the hearing before the arbitrator and notified the arbitrator of his refusal so to do on March 8th, 1944, upon the ground that the complainant "has heretofore rescinded its contract with the Union by reason of a material breach of said contract on the part of the Union. * * *" The arbitrator nevertheless proceeded with the hearing and made an award. The question therefore posed was whether or not the collective bargaining agreement had been for good cause rescinded. If not, it was in full force.
The only testimony bearing upon the matter of rescission was that of the complainant wherein he said: "Q. Did you on or about February 3d 1944, send a letter to Local 680? A. Yes, I did. Q. Did you make a copy of the letter? A. No, sir, I did not. Q. Did you mail that letter personally? A. I did. I wrote it in longhand and mailed it. Q. And what was said by you in that letter? A. Well, I said in the letter that so far as his attitude goes with this Schmalz situation was concerned I didn't think they were living up to their agreement and I therefore rescinded the contract."
The receipt of such letter was denied by the defendant. The president of the Union, Lawrence McGinley, said no such letter was ever received by the Union, and such was also the testimony of the business agent of the Union, Richard Keber. The agreement provided that it could be canceled by either party upon notice, as therein provided. The suit, however, was predicated upon the claim of a right to rescind.
I arrived at the conclusion because of the testimony of the witnesses for the defense and the fact that the complainant *Page 228 
did not retain at least a copy of such an important letter, that no such letter for rescission was mailed to the defendant Union, and therefore dismissed the bill of complaint.
Now to be decided is the counter-claim of the defendant praying a decree for specific performance of the award of the arbitrator. It appears that after the complainant's attorney refused to participate in the hearing before the arbitrator for the reasons hereinabove stated, he offered to participate if permitted to do so without prejudice. This request was refused and thereupon the complainant withdrew from the hearing. It also appears that the award was entered by the arbitrator in the face of the injunction of the court restraining such proceedings and after the arbitrator received a copy of the injunctive order.
The provisions of R.S. 2:40-10 et seq., govern the situation. Upon the refusal of the complainant to participate in the arbitration proceedings it was incumbent upon the defendant Union to seek an order from a Justice of the Supreme Court or Judge of the Circuit Court "directing that the arbitration proceed in the manner provided for in the agreement." R.S. 2:40-12. This was not done, but on the contrary the arbitrator proceeded exparte. Had the arbitrator followed the statutory procedure the law court would have determined under R.S. 2:40-13 whether in view of the alleged breach of contract the complainant was obliged to proceed with the arbitration hearing, and if that issue had been determined adversely to the complainant, the complainant would have been obliged to participate in the proceedings and afforded his day in court. It appears from the transcript of the proceedings before the arbitrator that he recognized that he had not the right to determine the question of rescission. Recognizing this, he should not have proceeded. R.S.2:40-19 provides that where the arbitrator is guilty of misconduct in refusing to postpone the hearing, upon sufficient cause being shown therefor, the award in arbitration will be set aside. And in Coryell v. Coryell, 1 N.J. Law 441, it was held that if an arbitrator refuses a request for adjournment founded upon sufficient reason, and offered at the proper time, it is good cause for setting aside the award. *Page 229 
Again, the bill of complaint in this matter was filed March 15th, 1944. An order to show cause with restraint against further proceedings was issued thereon. The arbitrator was not a party since he was not within the jurisdiction of the court at the time but it appears that a copy of the order to show cause was mailed to him at his office in New York on March 15th, 1944, and the order on the same day served upon the Union. In the pre-trial examination of the arbitrator conducted March 23d 1945, he admitted the receipt of the order to show cause with restraint before he made his award.
The counter-claim prays that the complainant may by the court's decree be enjoined and commanded to obey the terms and provisions of the said arbitrator's award. In view of the foregoing, the prayer for injunction is denied and the counter-claim dismissed.