12 N.J. Super. 36 (1951)
78 A.2d 839
NEWARK MILK & CREAM CO., A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LOCAL 680 OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN & HELPERS OF AMERICA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 22, 1951.
Decided February 15, 1951.
*37 Before Judges FREUND, PROCTOR and ROGERS.
Mr. Thomas L. Parsonnet argued the cause for the defendant-appellant (Messrs. Parsonnet, Weitzman & Oransky, attorneys).
Mr. Edward J. Gilhooly argued the cause for the plaintiff-respondent (Messrs. Gilhooly & Yauch, attorneys).
*38 The opinion of the court was delivered by FREUND. S.J.A.D.
The plaintiff employer sought arbitration of the dispute in controversy, under the provisions of the collective bargaining agreement with the defendant union. The union filed an answer admitting the agreement, but denying that the alleged dispute raised an arbitrable issue, and demanded trial by jury pursuant to the provisions of R.S. 2:40-13. At the close of the case before the court and a jury, on motion of the plaintiff the court directed arbitration, and the defendant appeals. The questions are: (1) was the case properly removed from the consideration of the jury, and (2) is the dispute arbitrable?
A collective bargaining agreement was entered into between the parties on December 6, 1949, providing, inter alia, that "Any and all disputes and controversies arising under or in connection with the terms or provisions of this agreement, or in connection with or relating to the application or interpretation of any of the terms or provisions hereof, or in respect to anything not herein expressly provided but germane to the subject matter of this agreement, which the representatives of the Union and the Employer have been unable to adjust, shall be submitted for arbitration to an arbitrator selected from a list of arbitrators to be furnished by the Federal Mediation and Conciliation Service in each case. * * *"
During the early months of 1950 the plaintiff notified the defendant that it planned to sell one of its milk routes in the City of Hoboken to a person not an employee of the plaintiff. The defendant contended that the plaintiff was prohibited from so doing by reason of section 18 of the contract: "No new crafts subject to Union jurisdiction are to be created except with the joint approval of the employer and the union." The plaintiff thereupon sought to arbitrate the dispute, but the union refused to comply, contending that the issue was not arbitrable, that the sale of the route constituted the creation of a new craft which under the foregoing section required the joint approval of the union and the employer. The pleadings formulated the issues above set forth.

*39 I.
The pertinent statute, R.S. 2:40-13, is as follows:
"The justice or judge shall hear the parties and if satisfied that the making of the agreement or a failure to comply therewith is not in issue, shall make an order directing the parties to proceed to the arbitration in accordance with the terms of the agreement, but if found to be in issue, an order shall be made directing a summary trial thereof. Where such an issue is raised the party alleged to be in default may, on or before the return day of the notice of application required by section 2:40-12 of this title, demand a jury trial of the issue. If demanded, the justice or judge shall make an order referring the issue to a jury called and impaneled in the manner provided for the trial of actions at law, but, if not so demanded, the issue shall be heard and determined by the justice or judge.
If the finding, at the trial of the issue, either by the court or jury, be that a written provision for arbitration was made and that there is a default in proceeding thereunder, an order shall be made summarily directing the parties to proceed with the arbitration in accordance with the terms thereof; but if the finding be that no agreement in writing providing for an arbitration was made, or that there is no default in proceeding thereon, the proceeding shall be dismissed."
Stein v. Local 680 of the Milk Drivers, &c., 141 N.J. Eq. 226 (Ch. 1948).
In the instant case, the making of the agreement which contained the provision for arbitration and the failure of the defendant to comply with the plaintiff's demand for arbitration were not denied.
Mr. Justice Ackerson, when judge of the Hudson County Circuit Court, had occasion to discuss the question under consideration. In an unreported opinion, portions of which are quoted by Judge Kays in Hudson Wholesale Grocers Co. v. Allied Trades Council, A.F.L., 3 N.J. Super. 327 (Ch. Div. 1949), Judge Ackerson said, "Only two issues are involved in such a summary proceeding. These are: (1) the making of a valid agreement to arbitrate; and (2) the failure, neglect or refusal to perform the same. Every other issue, whether of fact or law, and whether raised by denial or by defense, is for the arbitrators." In Lipman v. Haeuser Shellac *40 Co., 289 N.Y. 76 (Ct. of Apps. 1942), cited by both Judge Ackerson and Judge Kays, it was declared: "While it must ever be borne in mind that a court has no power to grant a motion to compel arbitration unless the subject-matter is comprised within the agreement to arbitrate made by the parties, yet when once an agreement to arbitrate has been made, such an agreement must be considered in the light of the broad language used in the above arbitration statute. * * * The language of the agreement to arbitrate of course, must be sufficiently broad so as to permit of the application of the general principle that all issues subsequent to the making of the contract are not for the court but for the arbitrators. Where, however, as here, the language of the provision providing for arbitration uses not only the phrase `any and all controversies arising out of the contract' but also `any and all controversies in connection with the contract,' this language would appear sufficiently broad to express the intention of the parties to include within the exclusive jurisdiction of the arbitrators as a general rule all acts by the parties giving rise to issues in relation to the contract, except the making thereof."
In the case sub judice, the clause providing for arbitration is broader and more comprehensive than in the Lipman and Hudson Wholesale Grocers cases, supra. The removal of the case from the jury's consideration was undoubtedly proper.

II.
Is the controversy arbitrable?
The principles of law applicable to this point are stated in the opinion of this court filed simultaneously herewith, in Machine Printers Beneficial Ass'n. v. Merrill Textile Print Works, 12 N.J. Super. 26 (App. Div. 1951). What is said there is pertinent here.
Submission to arbitration is essentially a contract; the parties have a right to stand upon the precise terms thereof; and the scope of the agreement is for the court to *41 determine. Goerke Kirch Co. v. Goerke Kirch Holding Co., 118 N.J. Eq. 1 (E. & A. 1934); United Elec., &c., Local 411, C.I.O., v. National Pneumatic Co., 134 N.J.L. 349 (Sup. Ct. 1946); Gould Storage Battery Corp. v. United Elec., &c., Local 108, 137 N.J.L. 522 (Sup. Ct. 1948); Application of Graphite Metallizing Corporation, 271 App. Div. 839, 66 N.Y. Supp.2d 53 (Sup. 1946); International Ass'n. of Machinists v. Cutler-Hammer, Inc., 271 App. Div. 917, 67 N.Y. Supp.2d 317 (App. Div. 1947); affirmed, 297 N.Y. 519, 74 N.E.2d 464 (Ct. of Apps. 1947); Textile Workers Union of America, C.I.O., v. Firestone Plastics Division, The Firestone Tire and Rubber Company, 6 N.J. Super. 235 (App. Div. 1950).
Here the company was proposing to sell one of its milk routes to a non-employee. The union contends that the sale is not bona fide, but a device to secure delivery of milk by a non-employee in order to avoid the effect of the collective bargaining agreement between the parties, and that the contemplated sale constitutes the creation of a new craft prohibited by section 18, except with the approval of the union. Whether the sale is bona fide, and, if so, whether it constitutes the creation of a new craft are arbitrable issues within the context of the agreement. Hudson Wholesale Grocers Co. v. Allied Trades Council, supra; Lipman v. Haeuser Shellac Co., supra. If perchance the arbitrators should determine that the sale does in fact create a new craft, the consent of the union to the creation thereof would then be required pursuant to the terms of the contract.
The judgment directing arbitration is affirmed.