Jack Stanislaw, J.
Petitioner Met Food Corp. (“Met”), as owner, engaged the Heyward-Bobinson Company, Inc. (“ Heyward ”) as general contractor and respondent M. Bisen *499 berg & Bros., Inc. (“Eisenberg”) as electrical contractor for the construction of a large warehouse. Included in the contractual documents affecting the work of each contractor is a provision for the arbitration of all disputes, involving claims for damages sustained by one party by reason of any wrongful act or neglect of another. The arbitration clause outlines the procedures to be followed, including the method of service of notice to arbitrate, and provides for the appointment of one arbitrator by each party and for the selection of a third arbritrator by the two so appointed.
With respect to the owner’s right to indemnification for any claims asserted against it by a contractor, the agreements provide : “ If such separate contractor sues the Owner on account of any damage alleged to have been so sustained [i.e. damage caused by one contractor to another contractor], the Owner shall notify the Contractor, who shall defend such proceedings at the Contractor’s expense and, if any judgment against the Owner arises therefrom, the Contractor shall pay or satisfy it and pay all costs.”
For reasons not relevant to this application, petitioner terminated its engagement of Heyward as general contractor during the early stages of construction and about a month later, Heyward commenced an action against Met, grounded in breach of contract. The answer interposed by Met in that action contains affirmative defenses and counterclaims, including Met’s right to reimbursement and indemnification by Hey-ward of sums paid by Met to others, for claims resulting from Heyward’s violation and breaches of its contract with Met. That action is presently pending in the Supreme Court, Nassau County.
Eisenberg, apparently, continued its work as electrical contractor. But in May of 1968 (about a year after the commencement of Heyward’s Supreme Court action) Met was served with a notice of arbitration by Eisenberg for “ additional expenses incurred and loss of profit for work performed under [their] contract.” That notice was later withdrawn, but a subsequent notice to arbitrate was served by Eisenberg on Met in June of 1968. The parties have since appointed their respective arbitrators and a third was selected pursuant to the arbitration agreement. A date for the arbitration hearing had already been set when the instant application, brought on by order to show cause, was commenced.
Met now seeks an order enjoining both the arbitration and the action at law, pending the joinder of Heyward as a party to, as well as the determination of, the arbitration commenced *500 by Eisenberg. Met argues: (1) that it was not until the latter part of 1968, when it received a copy of Eisenberg’s preliminary memorandum, particularizing its claims, that it learned, for the first time, that many of such claims are predicated upon “ omissions and misdeeds ” of Heyward; and (2) that all such claims, affecting Met, Eisenberg and Heyward, should be heard and resolved at the same time and in the same forum. As stated by petitioner: “ Met is not seeking herein, arbitration of all disputes and controversies between Met and Heyward — but only those separable issues raised by Eisenberg in its arbitration proceedings.” In effect, Met is asking permission to “ implead ” Heyward as a party to the pending arbitration, in order that it may assert a third-party claim for indemnification against Heyward, which will be determined simultaneously with Eisenberg’s claim against Met.
Although vigorously opposed by Eisenberg and Heyward, there is some justifiable basis for the relief requested. It would afford petitioner the opportunity to settle its differences with both Eisenberg and Heyward on the very same issues, at the same time. The question, however, is whether the court has jurisdiction to authorize such relief.
Under section 96 of the former Civil Practice Act (predecessor of the CPLR), the arbitration of a controversy was classified as a special proceeding and, as such, was subject to joinder and consolidation. For example, the Appellate Division, First Department, in Matter of Symphony Fabrics Corp. (Benson Silk Mills) (16 A D 2d 473, affd. 12 N Y 2d 409) authorized the consolidation of two arbitration proceedings, involving three different parties, but only upon the condition that the two parties, who consented to the consolidation, stipulate to join with each other in the designation of arbitrators. That condition was imposed by the court in order to relieve the third party, who opposed the consolidation, of any possible prejudice. Thus, even under the former act (and assuming this court were to regard the proposed third-party claim by Met against Hey-ward as a separate proceeding, subject, at the discretion of the court, to joinder or consolidation) the instant application would have to be denied. Unless Heyward would be permitted the right to participate equally in the selection of arbitrators, the consolidation would be prejudicial. Neither Eisenberg nor Heyward may be precluded from exercising the full rights afforded them under the arbitration clause with respect to such selection; and since both oppose this application, it is apparent that neither is willing to waive such right.
*501 Moreover, since the enactment of the CPLR, arbitrations are no longer considered special proceedings (CPLR 7502) thus depriving the courts of the statutory power, formerly authorized under the Civil Practice Act, to consolidate arbitrations of controversies (Matter of Chariot Textiles Corp. [Wannalancit Textile Co.], 21 A D 2d 762; Matter of Contessa Sportswear [Saugerties Mfg. Co.], 49 Misc 2d 50). Just as arbitrations are no longer subject to consolidation, because they are neither actions nor special proceedings, they surely are also exempt from such procedural regulation by the courts (Matter of Jonathan Logan, Inc. [Stillwater Worsted Mills], 31 A D 2d 208), as third-party practice (CPLR 1007) or joinder of parties (CPLR 1001).
Accordingly, and without reaching the question of whether petitioner has waived its rights to arbitration with Heyward, by reason of its voluntary participation in the action at law now pending in Nassau County (Matter of Zimmerman v. Cohen, 236 N. Y. 15), the court is constrained to deny the petition in all respects.