Arnold G. Fraiman, J.
This is a motion by William Morris Agency (Morris) to stay arbitration demanded by respondent Godfrey .Cambridge. Respondent seeks to make Morris a party to arbitration proceedings brought against him 'by Agency for the Performing Arts, Inc. (APA). In that proceeding APA as the theatrical agent for Cambridge, a well-known comedian, seeks to recover a 10% commission on moneys allegedly paid to Cambridge by Columbia Broadcasting System (CBS). The moneys paid by CBS were in fact not paid to Cambridge but to Denmara Enterprises, Inc. (Denmara), a corporation he wholly owns, whose principal asset apparently was an employment con *849 tract between itself and Cambridge and CBS. Denmara’s agent is Morris, petitioner herein, and it is undisputed that Denmara has paid Morris 10% of the moneys it received from CBS.
Cambridge argues that if the arbitrators find that APA is entitled to commissions from Cambridge on compensation earned by Denmara, then Morris is liable to Denmara for the commissions previously paid by it to Morris. It is his position that as a member of AFTBA, an association of theatrical artists and agents, of which Morris and APA are also members, he cannot be compelled to pay two commissions. By impleading Morris in the pending arbitration brought by APA, according to Cambridge, the arbitrators may determine which agent is entitled to the commissions.
While the court is somewhat sympathetic to Cambridge’s position, no basis exists to compel Morris to participate in the arbitration brought by APA against Cambridge. The contract between APA and Cambridge provides for arbitration. The contract between Morris and Denmara does not. Cambridge relies upon section XVII of rule 12-B of the AFTBA Begulation Governing Agents as the legal basis for bringing Morris into the arbitration proceedings. That section provides for arbitration of “ all disputes and controversies * * * between an agent and an artist arising out of or in connection with or under any agency contract between the agent and an artist * # * as to the existence of such contract ”. He contends that the issue of whether a contract exists between Morris and him, presumably as the alter ego of Denmara, may arise as a result of the arbitrators’ findings. This could occur if the arbitrators found that Cambridge was liable for commissions to APA. In order for him to then recoup the commissions already paid by Denmara to Morris, he would have to take the position that he and not Denmara was the actual contracting party with Morris. However, at this time Cambridge has not for obvious reasons taken that position. The AFTBA regulation on its face relates to existing disputes with respect to an agency contract between the parties. The mere possibility of a claim by Cambridge that he has a contract with Morris does not constitute an arbitrable controversy. (Matter of Prima Prods. [Aquella Prods.], 280 App. Div. 109, revd. on other grounds 304 N. Y. 619.) Nor may Cambridge avail himself of the CPLB’s third-party practice to compel Morris to participate in the arbitration inasmuch as arbitration is no longer considered a special proceeding and is thus not subject to the CPLB’s third-party rules. (Met Food Corp. v. Eisenberg & Bros., 59 Misc 2d 498.)