The Children's Hospital of Philadelphia *v.* The American Arbitration Association (et al., Appellants).

Argued March 19, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Arthur L. Pressman,* with him *Robert F. Cushman,* for appellant, at No. 1890.

*F. Warren Jacoby,* with him *Myron Jacoby, Cornelius C. O'Brien, Jr.,* and *G. Sander Davis,* for appellants, at Nos. 1891 and 1892.

*John F. Wilson, III,* with him *William H. Lowery,* and *Dechert, Price & Rhoads,* for appellee.

Opinion by Van der Voort, J., December 11, 1974:

The Children's Hospital of Philadelphia filed a motion in the Court of Common Pleas asking that the American Arbitration Association be ordered to consolidate two arbitration disputes arising under construction contracts for a new hospital. The appellants intervened in the proceedings and contested the consolidation. The Court of Common Pleas ordered that arbitration of the disputes be consolidated and this appeal followed.

In connection with the construction of the project, The Children's Hospital had entered into four contracts with four prime contractors, (one) with Baltimore Contractors, Inc. for the general work, (two) with J. J. White, Inc. for the heating and ventilating work, (three) with W. V. Pangborne & Company, Inc. for the electrical work, and (four), with Herman Goldner Co., Inc. for the plumbing work. Each prime contract contained identical provisions with respect to General Conditions. One of these conditions was paragraph 10.1.1 which provides as follows: "The Contractor shall

be responsible for initiating, maintaining and supervising all safety precautions and programs in connection with the work."

The four Contractors being uncertain as to the allocation of responsibility for the safety precautions jointly requested the Architect for an interpretation of Article 10.1.1 to determine their respective responsibilities for them. The Architect's determinations included the following: "[t]hat protection required by law and regulations regarding safety barriers at edges of and penetrations through floors is part of the General Contractor's work."

The General Contractor disputed this interpretation, and filed a written demand for arbitration against the Hospital with the American Arbitration Association as arbitrator, alleging that it had spent $110,594.08 in providing safety measures for the project and claiming that the other prime Contractors were responsible for a portion of the cost of this work. The Hospital in writing, called upon Contractors 2, 3 and 4, the Intervenors, to defend the arbitration proceeding which defense the Intervenors refused. The Hospital then demanded of the Intervenors arbitration of the dispute with the American Arbitration Association and asked the Association to join the Intervenors as additional defendants to the arbitration proceedings brought by the General Contractor.

The American Arbitration Association replied to the Hospital's demand that "inasmuch as these parties will not agree to be joined in this matter, the Association does not have the authority to make these parties a part of the proceedings." Upon receiving this communication from the American Arbitration Association, the Hospital filed its motion for consolidation of arbitration proceedings. The General Contractor does not object to the consolidation of both arbitration proceedings.

The general conditions of each of the four contracts provides with respect to arbitration as follows: "7.10.1 All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof, except as set forth in Sub-paragraph 2.2.9 with respect to the Architect's decisions on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payment as provided by Sub-paragraphs 9.7.5 and 9.7.6, shall be decided by arbitration in accordance with the Construction Industry Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement so to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof."

From the provisions of the contracts it is apparent that settlement of all claims, disputes relating to the contracts (with certain exceptions not pertinent herein), are to be decided by arbitration. They "shall be decided . . . in accordance with the Construction Industry Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise."

The Construction Industry Rules are silent as to the consolidation of the arbitration of disputes. They neither provide for consolidation nor do they provide against it.

It is the policy of the law to favor the settlement of disputes by arbitration and to promote the swift and orderly disposition of claims. In the instant case, all the parties have agreed to arbitration of any disputes arising relating to any of their contracts. Arbitration involving all four prime contractors before the American Arbitration Association as arbitrators

has been properly requested. Inasmuch as the matter in dispute is alleged to involve the allocation of certain responsibilities for safety precautions during construction among four different contractors it would be difficult, beyond measure, to attempt to arbitrate these allocations in four separate proceedings. Procedurally it would be a relatively simple matter to arbitrate the dispute if the proceedings were consolidated.

The insistence by the Intervenors that the allocation of responsibilities for safety precautions be arbitrated separately as to each prime contractor so frustrates the arbitration proceedings as to be tantamount to a refusal to arbitrate.

Where the language of a contract is clear, the Court will not read into it that which is not necessarily implied. *Cornman v. Graeber Stringing & Wiring Machine Company,* 69 F. Supp. 550 (E.D. Pa. 1946); affirmed in 160 F.2d 738 (3d Cir. 1947). Here the contracts provide for arbitration but refer to the Construction Industry Rules which say nothing one way or the other about consolidating the arbitration of multiple similar claims. Interpretation is required to determine whether or not the parties intended consolidation of such claims. In interpreting contracts the Court must consider the subject matter of them and the circumstances. *Portage Mercantile Company v. Johnstown Coal & Coke Company,* 356 Pa. 557, 52 A.2d 568 (1947); *Sparrow v. Airport Parking Company,* 221 Pa. Superior Ct. 32, 289 A.2d 87 (1972). The relationship between the parties and the circumstances are as follows:

All four Contractors have entered into contracts with the Hospital for the construction of a new hospital building;

All four Agreements have identical provisions with respect to arbitration proceedings;

All four Agreements have identical provisions providing for the allocation of responsibility for safety precautions; and

All four Contractors jointly requested the Architect's interpretation of what their responsibility for the safety precautions are. The disputes all arose out of the Architect's decision and not to consolidate these arbitrations would injure the Hospital with respect to one of the benefits of its contracts.

Consolidation is merely a procedural device commonly used in adjudications to avoid multiplicity of hearings, the loss of time of participants and the possibility of unjust differences in results because the factfinders may not have the whole picture at least until the last hearing. Consolidation fosters the orderly and speedy disposition of disputes—a goal obviously intended by the parties. As we said in *Van Campen Corp. v. Building and Construction Trades*, 202 Pa. Superior Ct. 118, 122, 195 A.2d 134 (1963) : ". . . 'In the absense of an express provision, the law will imply an agreement by the parties to a contract to do and perform those things that according to reason and justice they should do in order to carry out the purpose for which the contract was made and to refrain from doing anything that would destroy or injure the other party's right to receive the fruits of the contract. Accordingly, a promise to do an act necessary to carry out the contract must be implied.' " (Citing 8 P.L.E., "Contracts", §140, Now §164)

Not to consolidate these two arbitrations[1] would injure the Hospital's right to receive part of the fruits of its contracts. The Arbitration Act of April 25, 1927, P.L. 381, §3, 5 P.S. §163, lodges jurisdiction in the Court of Common Pleas to direct the parties to

---

[1] The one involving the Hospital and the General Contractor, the other involving the Hospital and Contractors 2, 3 and 4.

proceed with arbitration in accordance with their Agreement. Accordingly, considering the relationship of the parties and the circumstances involved, consent of Contractors 2, 3 and 4 is necessarily implied to proceed with the arbitration in one proceeding.

Order affirmed.

HOFFMAN, J., did not participate in the consideration or decision of this case.

---

CONCURRING OPINION BY SPAETH, J.:

I believe a *caveat* is in order about the application of the Act of April 25, 1927 (The Arbitration Act) to this case.

"The rule has been reiterated in many recent decisions that the provisions of the Act of 1927 are applicable only if the agreement specifically refers to the Act or there is other evidence justifying the conclusion that both parties agreed either expressly or impliedly that the provisions of the Act should apply. Keller v. Local 249, 423 Pa. 353, 223 A.2d 724 (1966); Wingate Construction Co. v. Schweizer Dipple, Inc., 419 Pa. 74, 213 A.2d 275 (1965); John A. Robbins Co., Inc. v. Airportels, Inc., 418 Pa. 257, 210 A.2d 896 (1965); Freeman v. Ajax Foundry Products, Inc., 398 Pa. 457, 159 A.2d 708 (1960), aff'g 20 Pa. Dist. & Co. R.2d 128 (1959); A. J. Curtis & Co. v. D. W. Falls, Inc., 305 F.2d 811 (3 Cir. 1962)." *La Vale Plaza, Inc. v. R. S. Noonan, Inc.,* 378 F.2d 569, 571-572 (3d Cir. 1967). In *La Vale Plaza,* the contract provided that the arbitration clause "shall be specifically enforceable under the prevailing arbitration law." Citing *Robbins Co., Inc. v. Airportels, Inc., supra,* the court held that this language was not sufficiently specific to bring the arbitration within the Arbitration Act, and that it was therefore at common law.

In the contract in the present case the language is precisely the same as it was in the contract in *La*

*Vale Plaza.* Accordingly, had the issue been raised, it would presumably have been held below that the Arbitration Act was not applicable. However, no party objected to the application of the Arbitration Act below, and all have argued it in their briefs on this appeal. Since this is not an uninsured motorist insurance case, jurisdictional defects may be waived.[1] Because of this waiver I agree with the result reached by Judge VAN DER VOORT. *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974). Whether the same result would be reached in a common law arbitration need not be decided.

---

[1] Jurisdictional defects cannot be waived on appeals from common law arbitrations under uninsured motorist insurance coverage, even when they are waived explicitly. *Allstate Ins. Co. v. Taylor,* 434 Pa. 21, 252 A.2d 618 (1969) ; *accord, United Services Automobile Association Appeal* [*Webb v. United Services Automobile Ass'n.*], 227 Pa. Superior Ct. 508, 515 n.6, 323 A.2d 737, 740 n.6 (1974).