Chambers Development Company, Inc., Appellant
*v.* Commonwealth of Pennsylvania, ex rel. Allegheny County Health Department, Appellee.

Chambers Development Company, Inc., Appellant
*v.* Commonwealth of Pennsylvania, ex rel. Allegheny County Health Department, Appellee.

Argued March 12, 1984, before Judges WILLIAMS, JR., CRAIG and COLINS, sitting as a panel of three.

*George Shorall,* for appellant, Chambers Development Company, Inc.

*Robert G. Borgoyn, Jr.,* Assistant County Solicitor, with him *Mark F. Nowak,* Assistant County Solicitor, and *James H. McLean,* County Solicitor, for appellant, Commonwealth of Pennsylvania ex rel. Allegheny County Health Department.

OPINION BY JUDGE CRAIG, April 23, 1984:

Chambers Development Co., Inc. appeals from an order of the Court of Common Pleas of Allegheny County, which affirmed a decision of a district justice finding Chambers guilty of two summary violations for improperly accepting sewage sludge at its landfill operation. Chambers also appeals an administrative determination by a county hearing officer, finding that Chambers failed to file timely groundwater monitoring reports. We must determine whether the Allegheny County Health Department (county) had authority to prosecute Chambers for the sludge violations and whether the appeal from the administrative decisions is interlocutory.

Under permits from the Pennsylvania Department of Environmental Resources and the county, Chambers operates a solid waste disposal site. In 1978, Chambers and DER had entered into an agreement which represented the parties' settlement of a dispute concerning a methane problem at the landfill. In 1981, the county, under authority granted to it by section 106 of the Solid Waste Management Act,[1] enacted in 1980, filed a complaint before District Justice Ambrose, alleging that Chambers had, on two occasions, accepted human sewage sludge, a violation of its permits. After conviction, Chambers appealed to the

---

[1] Act of July 7, 1980, P.L. 380, 35 P.S. §6018.106.

court of common pleas at docket number SA 1478 of 1981 in that court, which affirmed the conviction for accepting sewage sludge, Chambers' appeal from the county administrative determination on groundwater monitoring, dated in 1982, was entered at docket number SA 255-1982; although the court's summary conviction affirmance also bears that docket number, the court record contains no proceedings on the merits of the administrative decision.

## Sewage Violations

Chambers contends that the county had no enforcement authority at its landfill because the terms of the 1978 agreement provided that DER would be the sole enforcement agency for all federal, state and local regulations.

Chambers bases that contention on paragraph 13 of the agreement, which provides in part:

> If Chambers fails to comply in a timely manner with any provision of this Agreement, then DER may at its sole option and discretion proceed to institute any legal or enforceable actions available for the enforcement of this Agreement, for any violations of any of the laws of the Commonwealth and/or for any violations of any laws of the United States of America.

and on paragraph 19, which provides:

> Chambers enters into this Agreement with DER with the understanding that DER shall to the best of its ability enforce the applicable rules and regulations relating to all sanitary landfills in Pennsylvania.

Judge WEIR of the common pleas court correctly found no merit in Chambers' argument that the parties intended those provisions "to prevent any gov-

ernmental unit from enforcing any environmental law which it is otherwise empowered to enforce.'' They are, as Judge WEIR noted, routine contractual expressions, which empowered DER to proceed, without first consulting Chambers, to enforce the terms of the agreement.

Reinforcing our conclusion is the general principle of contract law that an agreement cannot legally bind persons who are not parties to the contract. *Cumberland-Perry Area Vocational-Technical School Authority v. Bogar & Bink,* 261 Pa. Superior Ct. 350, 396 A.2d 433 (1979). Accordingly, DER and Chambers were without power to limit the statutorily authorized activities of the county, even if that had been their intent when entering into the contract. Furthermore, as Judge WEIR noted, ''an agency of government such as DER cannot by contract immunize a citizen or corporation from the consequences of future legislative enactments. . . .''

Chambers next contends that section 106 of the Solid Waste Menagement Act, 35 P.S. §6018.106, which, in 1980, empowered county health departments to enforce requirements of that act, did not alter DER's position as sole enforcement agency at its site because the legislature did not intend the act to be retroactive. Because we conclude that the consent agreement did not limit regulatory authority solely to DER, we need not address the merits of that contention. However, we note that there is no element of retroactivity present in this case. The county received enforcement authority in 1980, and exercised that authority by filing complaints in 1981 for violations which also occurred in 1981. The statute does not operate retroactively because it does not purport to affect the relationship, established by contract, between DER and Chambers. Although DER alone may enforce the provisions of that contract, the county's

enforcement action is founded on state and local regulations, not on the contract.[2]

Based on the language of section 106(b), 35 P.S. §6018.106(b), Chambers next contends that the county has no authority because DER takes precedence when a conflict exists between it and administration and enforcement by a county. Although correct, Chambers' contention is irrelevant here; DER assured the county in writing that the county's enforcement activities against Chambers in no way conflicted with DER's actions. Before Judge WEIR, the county presented the testimony of a DER official who repeated the position that the county's actions did not contravene DER's own enforcement at the landfill.[3]

The remaining issue, with respect to the sludge violations, is Chambers' contention that section 106 of the Solid Waste Management Act is an unconstitutional delegation of authority to the county, because it fails to delineate adequate standards, policies and the limitations on the delegated powers.

Although Article II, Section I of the Pennsylvania Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibit delegation of the legislative function, the legislature may confer authority and discretion upon another body in connection with the execution of a law. Where the legislature sets primary standards, it may impose the duty to carry out the legislative

---

[2] See generally, 2 Sutherland Statutory Construction §§41.01-41.22 (4th ed. 1975).

[3] Chambers also contends that the county is without enforcement authority because the state has preempted the area of sewage sludge disposal. That argument is misplaced, however, because the county is not seeking to enforce or promulgate any provision which conflicts with state regulations. It is prosecuting Chambers for accepting material without a permit, in violation of entirely consistent state and county regulations.

policy on another governmental unit. *Gilligan v. Pennsylvania Horse Racing Commission*, 492 Pa. 92, 422 A.2d 487 (1980). However, such a grant of authority "must contain adequate standards to guide and restrain the exercise of the delegated administrative function. In determining whether adequate standards have been established, we are not limited to the letter of the law. We must look, as well, to the underlying purpose of the statute and to its reasonable effect." *Pennsylvania State Association of Supervisors v. Insurance Department*, 50 Pa. Commonwealth Ct. 204, 213, 412 A.2d 675, 679 (1980).

Applying that standard here, we conclude that section 106 does not run afoul of either constitution. The statute itself, in subsection (b), specifically restricts the county's authority to those situations where county enforcement is consistent with state enforcement of the act. Furthermore, the act clearly sets forth its underlying policies, Section 102, 35 P.S. §6018.102, and provides quite specific guidelines for its administration, sections 104-108, 35 P.S. §§6018.-104-6018.108.

Accordingly, we affirm the decision of the court of common pleas with respect to the sewage sludge violations.

### Reporting Violation

The county contends that Chambers' appeal from administrative determination regarding groundwater monitoring reports is interlocutory because the court of common pleas never addressed the issue. We agree.

Although Judge WEIR's order bears the docket number of the administrative appeal as well as that of the summary conviction appeal, his statement of the facts and issues, and the transcript of the pro-

ceedings before him, indicate that only the convictions by District Justice AMBROSE for sludge violations were involved in those proceedings, not the groundwater monitoring report matter.

Accordingly, we quash the appeal at 500 C.D. 1983.

ORDER

Now, April 23, 1984, the order of the Court of Common Pleas of Allegheny County, dated February 10, 1983, is affirmed as to S.A. 1478 of 1981 in that court.

ORDER

Now, April 23, 1984, the appeal at 500 C.D. 1983, relating to S.A. 255-1982 in the trial court, is quashed.