J-A01003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SPARTAN DRYWALL BUILDERS, INC., D/B/A SPARTAN DRYWALL, INC.<br><br>Appellee<br><br>v.<br><br>POST GOLDTEX, L.P. AND POST GENERAL CONTRACTING<br><br>Appellants | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br>No. 1182 EDA 2015 |

Appeal from the Order Entered April 8, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): June Term, No. 002448

BEFORE:  LAZARUS, J., OTT, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED FEBRUARY 05, 2016**

Appellants Post Goldtex, L.P. ("Post Goldtex") and Post General Contracting ("Post Contracting") appeal from the order of the Honorable Patricia McInerney of the Court of Common Pleas of Philadelphia County overruling their preliminary objections to the Mechanic's Lien Enforcement Action of Respondent Spartan Drywall Builders, Inc., d/b/a Spartan Drywall, Inc. ("Spartan") and dismissing arbitration proceedings.  After careful review, we affirm.

On October 22, 2012, Post Goldtex and Spartan entered a construction contract (the "Agreement") for Spartan to install drywall and perform related construction work at Post Goldtex Apartments located at 315 North 12th Street in Philadelphia (the "Property").  The Agreement consists of several

_____

*Former Justice specially assigned to the Superior Court.

documents that together constitute a "Contract Package" and provides that Spartan would be compensated under a Timing and Payment Schedule.

On February 7, 2014, Spartan filed a Mechanic's Lien against the Property and any interest of its owners, which it alleged were Post Goldtex and Post Contracting. On May 27, 2014, Post Goldtex filed a praecipe for a rule to file a complaint upon the mechanic's lien.

On June 16, 2014, Spartan filed the instant action against Post Goldtex and Post Contracting. The trial court stayed the action after the parties agreed to submit their dispute to mediation. Although the parties met with a jointly-appointed mediator on one occasion, Post Goldtex concluded that a second mediation session would not resolve the dispute and filed a demand for arbitration on January 12, 2015.

In response, Spartan filed its First Amended Complaint, again naming both Post Goldtex and Post Contracting as defendants, as it alleged that both entities are "reputed owners" of the Property. Spartan sought a judgment in the amount of $259,681.46 against Post Goldtex and Post Contracting for their failure to pay Spartan for work, equipment, and materials pursuant to their obligations in the Agreement.

On March 5, 2015, Post Goldtex and Post Contracting filed preliminary objections asserting that the Agreement requires the parties to submit their dispute to arbitration and that Post Contracting was improperly joined to the mechanic's lien action. Post Goldtex and Post Contracting also filed a motion to stay the proceedings in this action and to compel Spartan to submit to

arbitration. On April 8, 2015, the trial court entered an order overruling the preliminary objections and denying the motion to stay the proceedings. This timely appeal followed. Post Goldtex and Post Contracting complied with the trial court's order to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

On appeal, Post Goldtex and Post Contracting claim that the trial court erred in denying their preliminary objections when they allege that (1) the Agreement contains an unequivocal agreement to arbitrate and (2) Post Contracting was improperly joined as a party to this action. While as a general rule, an order denying preliminary objections is interlocutory and is not appealable as of right, there is a narrow exception for an order refusing to compel a case to arbitration, which involves a jurisdictional question that must be decided by the courts. *Pisano v. Extendicare Homes, Inc.*, 77 A.3d 651, 654 (Pa.Super. 2013).

Our standard of review is well-established:

We review a trial court's denial of a motion to compel arbitration for an abuse of discretion and to determine whether the trial court's findings are supported by substantial evidence. In doing so, we employ a two-part test to determine whether the trial court should have compelled arbitration. The first determination is whether a valid agreement to arbitrate exists. The second determination is whether the dispute is within the scope of the agreement.

*Elwyn v. DeLuca*, 48 A.3d 457, 461 (Pa.Super. 2012) (quoting *Smay v. E.R. Stuebner, Inc.,* 864 A.2d 1266, 1270 (Pa.Super. 2004)).

> Arbitration is a matter of contract, and parties to a contract cannot be compelled to arbitrate a given issue absent an agreement between them to arbitrate that issue. Even though it is now the policy of the law to favor settlement of disputes by arbitration and to promote the swift and orderly disposition of claims, arbitration agreements are to be strictly construed and such agreements should not be extended by implication.

***Elwyn***, 48 A.3d at 461 *(quoting **Cumberland–Perry Area Vocational– Technical School v. Bogar & Bink***, 396 A.2d 433, 434–35 (Pa. Super. 1978)).

As noted above, the parties' Agreement consists of several documents that make up the "Contract Package." The first document, entitled "Agreement of Critical Business Terms," was specifically drafted for this project and designates Post Goldtex as "Owner" and Spartan as "Contractor." The Contract Package also includes, inter alia, (1) American Institute of Architects (AIA) Form A201-1997, General Conditions of the Contract for Construction (hereinafter "Form A201") and (2) AIA Form A401-2007, Standard Form of Agreement between Contractor and Subcontractor (hereinafter "Form A401").

Both Forms A201 and A401 contain provisions related to the enforcement of the Agreement. Form A201 designates Post Goldtex as the Owner of the Property and Spartan as the Contractor. With respect to arbitration, Form A201 specifically states:

§ 4.5 MEDIATION

§ 4.5.1. Any Claim arising out of or related to the Contract … shall be subject to mediation as a condition precedent to

arbitration or the institution of legal or equitable proceedings by either party.

*** 

§ 4.6 ARBITRATION

§ 4.6.1. Any Claims arising out of or related to the Contract … shall … be subjected to arbitration.  Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with the provisions of Section 4.5.

AIA Document A201-1997, §§ 4.5, 4.6.1.

In contrast, Form A401 designates Post Contracting as the Contractor and Spartan as the Subcontractor.  Form A401 specifically states:

§ 6.1 MEDIATION

§ 6.1.1.  Any Claim arising out of or related to this Subcontract … shall be subject to mediation as a condition precedent to binding dispute resolution

***

§ 6.2 BINDING DISPUTE RESOLUTION

For any claim subject to, but not resolved by mediation pursuant to Section 6.1, the method for binding dispute resolution shall be as follows:

[X] Arbitration pursuant to Section 6.3 of this Agreement

[X] Litigation in a court of competent jurisdiction.

AIA Document A401-2007, §§ 6.1.1, 6.2.

In denying Post Goldtex's request to compel arbitration, the trial court found that the Agreement as set forth in the Contract Package contained conflicting language in that Form A201 requires mediation and then arbitration only whereas Form A401 first requires mediation and then subsequently allows either arbitration or litigation in a court of competent

jurisdiction. To resolve this contract, the trial court looked to another document in the Contract Package – the Agreement of Critical Business Terms, which specifically addresses how to resolve conflicts in the AIA documents:

> **AIA 401 AND A201 GOVERNING DOCUMENTS FOR ALL OTHER TERMS; CONFLICTING STATEMENTS IN DOCUMENTS:**
>
> The AIA 401 form of Contract as well as A201 General Conditions of the Contract shall govern all other terms and conditions of the contract between Contractor and Owner. All blanks to be filled-in in the AIA contracts shall refer to terms in this document.
>
> ***If there are any conflicting statements in the AIA contract documents or any other documents in this contract package, the statements in this document shall supercede those in the other documents***.

Agreement of Critical Business Terms, at 6 (emphasis added).

As the trial court deemed the Agreement of Critical Business Terms to be the controlling document in the Contract Package and noted that it contained no language that designated arbitration as the parties' choice method for dispute resolution, the trial court concluded that it could not compel arbitration on any party to the Agreement.

While Post Goldtex seems to acknowledge that Forms A201 and A401 have conflicting clauses about the choice method of dispute resolution, it argues that the language in Form A201 should control as this document concerned the agreement between Post Goldtex and Spartan as Owner and Contractor. This argument ignores the fact that the parties agreed to

integrate both of the Forms into the Agreement of Critical Terms and expressly agreed that the language of both Forms "shall govern all other terms of the contract between [Spartan and Post Goldtex]." Agreement of Critical Business Terms, at 6. As Form 401 provides that any claim arising out of or related to the Subcontract, after being submitted to mediation, could be resolved by either arbitration or litigation, Spartan cannot be compelled to arbitrate its claims against Post Goldtex when there is no clear indication that the parties agreed to select arbitration as the exclusive method for dispute resolution.[1] Accordingly, the trial court did not err in overruling Post Goldtex's preliminary objection seeking to compel arbitration.

Second, Post Contracting argues that it was improperly joined as a defendant in this mechanic's lien action as it alleges that it has no ownership interest in the Property but merely served as a contractor. Asserting that a mechanic's lien is a statutory *in rem* action that addresses the rights of the parties with respect to a parcel of property, Post Contracting argues that it is

---

[1] Although the parties identify Spartan as the Contractor in Form 201 with respect to Post Goldtex as the owner of the Property and the Subcontractor in Form 401 with respect to Post Contracting, this alternative characterization does not affect Spartan's ability to file a mechanic's lien against Post Goldtex under both designations. *See **Denlinger, Inc. v. Agresta***, 714 A.2d 1048, 1053 (Pa. Super. 1998) (finding trial court erred in striking the construction company's mechanic's lien in which the entity was alternatively characterized as both the contractor and subcontractor of the project).

- 7 -

not a proper party to this mechanic's lien action as Spartan should have filed a breach of contract action against it to recover money damages instead.

Our scope and standard of review is as follows:

A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true.

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case i[s] free and clear of doubt.

*Barton v. Lowe's Home Centers, Inc.,* 124 A.3d 349, 354 (Pa. Super. 2015) (quoting *Weiley v. Albert Einstein Medical Center,* 51 A.3d 202, 208–209 (Pa. Super. 2012)).

Upon review of the pleadings and the order and opinion of the trial court, we find that the trial court correctly accepted as true the material facts of the complaint in which Spartan asserted that Post Contracting (a/k/a Post Brothers Apartments) is a reputed owner of the Property. At this stage of the instant action, it was proper to overrule Post Contracting's preliminary

- 8 -

objection in the nature of a demurrer asserting that it had been improperly joined as a defendant in this mechanic's lien action.

Order ***affirmed***.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/5/2016