J-A19024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARYANNE GALLAGHER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HEARTHSIDE REALTY, INC., D/B/A | : | |
| COLDWELL BANKER HEARTHSIDE | : | |
| REALTORS, ROBIN MANCUSO | : | No. 3699 EDA 2018 |
| DELUNA, JAMIE MANCUSO AND | : | |
| PRITCHARD, BIELER, GRUVER & | : | |
| WILLISON, P.C. | : | |
| | : | |
| | : | |
| APPEAL OF: HEARTHSIDE REALTY, | : | |
| INC., ROBIN MANCUSO-DELUNA | : | |
| AND JAIME MANCUSO | : | |

Appeal from the Order Entered, December 5, 2018,
in the Court of Common Pleas of Bucks County,
Civil Division at No(s):  2018-02864.

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:          **FILED SEPTEMBER 09, 2019**

Hearthside Realty, Inc., Robin Mancuso-DeLuna, and Jamie Mancuso ("the Mancusos") appeal the trial court's order overruling and dismissing their preliminary objections.  Their objections sought to compel arbitration of this dispute.  Because the Mancusos never contracted with Plaintiff, Maryanne Gallagher, much less signed an arbitration agreement with her, we affirm.

The trial court noted that there are two companion cases arising from the same string of events.  In June of 1997, Ms. Gallagher and Frank Mancuso created a business partnership (the "Partnership") with respect to a real-

_____

*   Former Justice specially assigned to the Superior Court.

estate-brokerage business and entered into a Partnership Agreement. When Frank attempted to substitute his two children, *i.e.*, the Mancusos, for himself as partners with Ms. Gallagher, Ms. Gallagher filed two lawsuits: a previous case (Bucks County Case No. 2016-07570) and the instant matter.

In her first case, Ms. Gallagher alleged two counts of breach of contract, two counts of unjust enrichment, conversion, and breach of fiduciary duty against Frank and his children, all of whom appealed the trial court's decision overruling their preliminary objections to Ms. Gallagher's complaint. They argued the trial court erroneously failed to submit certain counts to arbitration. The trial court issued a 1925(a) Opinion. In November 2018, this Court affirmed the order refusing to compel arbitration.

In that decision, we quoted the following facts from the trial court's 1925(a) Opinion:

> [In] June 1997, Maryanne Gallagher and Frank [Mancuso] created a business partnership for the purpose of owning, managing, operating, and conducting a real-estate-brokerage business in Levittown, Pennsylvania. At the time of the Partnership's formation, Frank was the sole owner of the capital stock of Hearthside Realty, Inc. . . . a Coldwell Banker franchisee operating under the name "Coldwell Banker Hearthside Realty."
>
> Under the . . . Partnership Agreement, the Partnership was to operate as a branch of Coldwell Banker under the trade name "Coldwell Banker Hearthside Levittown Realty" pursuant to the Franchise Agreement in existence between Coldwell Banker as franchisor and Coldwell Banker Hearthside Realty ("CB Hearthside") as franchisee. . . . Frank covenanted that he would continue to permit the Partnership to operate as a branch office of Coldwell Banker. Of particular importance to the instant matter is that the Partnership Agreement, entered into by and between [Ms. Gallagher] and Frank, contained an arbitration provision, to wit:

- 2 -

> If any controversy or claim arising out of this Partnership Agreement cannot be settled by the Partners, the controversy or claim shall be settled by arbitration in accordance with the rules of the American Arbitration Association then in effect, and judgment on the award may be entered in any court having jurisdiction.

***Gallagher v. Gallagher, et al.***, 3533 EDA 2017 (Nov. 5, 2018) (unpubished memorandum).

Ms. Gallagher and Frank signed the Partnership Agreement containing that provision. The Mancusos did not sign anything with Ms. Gallagher.

On August 30, 2018, Ms. Gallagher filed a new, three-count complaint. She re-sued the Mancusos and also sued Pritchard, Bieler, Gruver & Willison, P.C. (hereinafter "PBGW"), but she did not re-sue Frank.

The new complaint alleges fraud, tortious interference with an existing contract, and conversion. Ms. Gallagher claims that, in 2014, the Mancusos and PBGW prepared and filed tax returns for the Partnership usurping her rights under the Partnership Agreement. She also alleges these tax returns were prepared without her knowledge and eliminated her as a partner. This change in ownership, she believes, violated Frank's notice obligation under the Partnership Agreement, which gave her the option to make an offer to purchase Frank's partnership interest in the business, if and when he left.

In response to the complaint, the Mancusos sought to compel arbitration through preliminary objections. The trial court denied that request, and the

Mancusos timely appealed.[1]  The Mancusos and trial court complied with Rule of Appellate Procedure 1925.

The Mancusos raise one issue on appeal:

> Did the trial court err in overruling [the Mancusos'] preliminary objections to [Ms. Gallagher's] complaint [by] finding that there is not a valid agreement . . . to arbitrate [her] claims against [them]?

The Mancusos' Brief at 5.

"Our standard of review of an order of the trial court overruling preliminary objections is to determine whether the trial court committed an error of law . . . the appellate court must apply the same standard as the trial court." *DeLage Landen Fin. Servs., Inc. v. Urban P'ship, LLC*, 903 A.2d 586, 589 (Pa. Super. 2006) (citation omitted; brackets in original).  "When preliminary objections, if sustained, would result in the dismissal of an action, such objections should be sustained only in cases which are clear and free from doubt." *Id.* (citations omitted).

To determine whether to compel arbitration, the Pennsylvania courts apply a two-pronged test.  *See Elwyn v. DeLuca*, 48 A.3d 457, 461 (Pa. Super. 2012).  The trial court determined that the Mancusos' argument failed

---

[1] We have jurisdiction over this appeal.  An order overruling preliminary objections is usually not appealable.  *See Provenzano v. Ohio Valley Gen. Hospital*, 121 A.3d 1085 (Pa. Super. 2015).  However, there is a narrow exception when such orders refuse to compel arbitration.  *See Midomo Co., Inc. v. Presbyterian Hous. Dev. Co.*, 739 A.2d 180, 184 (Pa. Super. 1999).  Thus, the trial court's December 4, 2018 order refusing to compel arbitration is an interlocutory order, appealable as of right.  42 Pa.C.S.A. § 7302(a)(1).

at the first prong of test, because they are not Frank, the only person with whom Ms. Gallagher contracted. Thus, the trial court concluded that no arbitration agreement existed between the Mancusos and Ms. Gallagher.

The trial court opined as follows:

> the arbitration provision governs claims or controversy between the partners of that agreement, to wit: Frank Mancuso and [Ms. Gallagher]. With respect to the first prong, there is no valid agreement to arbitrate between the parties of the instant case[, because the Mancusos] are not partners in the business entity created by [Ms. Gallagher] and Frank Mancuso.
>
> Moreover, the record does not support the conclusion that [the Mancusos] were intended third-party beneficiaries of the Partnership Agreement. The factual circumstances alleged in the complaint concerns activities which occurred outside of the ambit of the Partnership Agreement, as the conduct related to Frank Mancuso's corporate restructuring and the preparation of tax returns created by PBGW pursuant thereto. Thus, the underlying dispute is not confined to the conduct of [Ms. Gallagher] and Frank Mancuso but relates to a concert of activity involving parties uncontemplated at the time the Partnership Agreement was executed.
>
> Furthermore, the factual circumstances alleged are completely extrinsic to the activities governed by the Partnership Agreement. We thus determine that no valid agreement to arbitrate exists between the parties in the instant case. We need not reach the second prong discussed in ***Provenzano v. Ohio Valley Gen. Hosp***, 121 A.3d 1085 (Pa. Super. 2015) which evaluates whether the particular claims in the complaint operate within the scope of the requisite arbitration provision.

Trial Court Opinion, 2/11/19, at 6-7.

The Mancusos reject the trial court's conclusion that they do not have an arbitration agreement with Ms. Gallagher. They believe that the contract

- 5 -

she entered with their father Frank extends to them, because "the gist of her claims against [them] are based upon the Partnership, the Partnership Agreement, which is a contract, and [the Mancusos] being partners with [Ms. Gallagher] in the Partnership." The Mancusos' Brief at 19. That *non sequitur* rests upon the Mancusos's unproven premise that Ms. Gallagher and they agreed to arbitrate their claims against one another. They did not.

We believe the Mancusos fail to prove their silent premise, because, as a matter of basic contract law, they cannot. "The elemental aspects necessary to give rise to an enforceable contract are offer, acceptance, consideration or mutual meeting of the minds." **Schreiber v. Olan Mills**, 627 A.2d 806, 808 (Pa. Super. 1993). Ms. Gallagher and the Mancusos exchanged no offer, no acceptance, and no consideration. They reached no meeting of the minds. Thus, they had no contract.

Without a contractual agreement to do so, a party usually cannot be compelled to arbitrate. "Arbitration is a matter of contract, and . . . cannot be compelled to arbitrate a given issue absent an agreement **between them** to arbitrate . . . such agreements should not be extended by implication." **Elwyn**, 48 A.3d at 461 (quoting **Cumberland–Perry Area Vo.–Tech. School v. Bogar & Bink**, 396 A.2d 433, 434 – 435 (Pa. Super. 1978) (emphasis added). Here, the Mancusos attempt to force Ms. Gallagher into arbitration, despite there being no agreement **between them**.

Thus, this case is readily distinguishable from the two cases upon which the Mancusos rely: **Shadduck v. Christopher J. Kaclik, Inc**., 713 A.2d 635

(Pa. Super. 1998), and **Dodds v. Pulte Home Corp.**, 909 A.2d 348 (Pa. Super. 2006). In both cases, it was undisputed that the plaintiffs had entered into contracts with the companies that had built their respective homes. The homeowners joined the builders' parent companies and added tort-based and statute-based claims. This Court held the homeowners' procedural steps could not transform breach-of-warranty actions against the builders, which were subject to arbitration, into non-arbitral, court cases.

Here, by contrast, Frank, the person with whom Ms. Gallagher agreed to go to arbitration, is absent from the suit. Moreover, Ms. Gallagher alleges no breach of contract by the Mancusos, because she cannot. It is black-letter law that the Mancusos could not have breached a Partnership Agreement they never entered. **See, e.g., Seneca Res. Corp. v. S & T Bank**, 122 A.3d 374, 379 (Pa. Super. 2015) (stating "To show a breach of contract, a party must establish the existence of a contract . . . .")

Finally, we note that, although the Partnership Agreement is binding upon Frank's and Ms. Gallagher's successors, the Mancusos do not argue they are legal successors to Frank under the Agreement. Therefore, we express no opinion on this point, and the trial court made no finding that they are Frank's legal successors. Moreover, the trial court concluded the Mancusos are not third-party beneficiaries of the Partnership Agreement. **See** Trial Court Opinion, 2/11/19, at 7. The Mancusos do not challenge that ruling on appeal. Indeed, the whole theory of Ms. Gallagher's lawsuit is that the

Mancusos are **not** legal successors to Frank and that their role in the business is an illegal usurpation of the Partnership.

Accordingly, we agree with the learned trial court. The Mancusos have not satisfied the first prong of the test in **Elwyn**, **supra**, because they failed to establish that there was an arbitration agreement between Ms. Gallagher and themselves.

Order affirmed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/19