Kenneth R. CARLL and Brenda L. Carll, Husband and Wife, and as Parents and Natural Guardians of Nathan Carll, Nolan Carll, Evan Carll and Lena Carll, Minors, Appellees

v.

THE TERMINIX INTERNATIONAL COMPANY, L.P., Servicemaster by Bell, Paragon Professional Pest Control Products, McLaughlin Gormley King and Company, Agrevo USA Company, Nor–Am Chemical Company, Whitmire Micro–Gen Research Laboratories, Inc., Clorox Company, the Kingsford Products Company D/B/A Maxforce Insect Control Systems and Paul Whitmore.

Appeal of: Terminix International Company, L.P., Paragon Professional Pest Control Products, and Paul Whitmore.

Superior Court of Pennsylvania.

Argued Oct. 24, 2001.
Filed Feb. 21, 2002.

William R. Haushalter, Pittsburgh, for appellants.

Maureen D. Harvey, Pittsburgh, for appellees.

Before: DEL SOLE, P.J., FORD ELLIOTT and ORIE MELVIN, JJ.

DEL SOLE, P.J.

¶ 1 This is an appeal from a trial court order which denied Appellant's Petition to Compel Arbitration and to Stay Judicial Proceedings.[1] We affirm.

¶ 2 This action was instituted by Appellees, Mr. and Mrs. Carll and their four children, claiming that they sustained numerous severe and permanent injuries as a result of Appellants' negligent application of pesticides in and around their home. Appellee also sought damages for the costs

---

1. This interlocutory appeal is properly before us pursuant to 42 Pa.C.S.A. § 7320(a)(1) which permits an appeal from an order denying an application to compel arbitration.

of relocating as well as punitive damages. In response Appellants filed a Petition to Compel Arbitration and to Stay Judicial Proceedings in which they asserted that their agreement with Appellees expressly provided that all matters in dispute shall be settled exclusively by arbitration. Appellees responded to the petition claiming that the agreement was a contract of adhesion and void as against public policy and that the arbitration provisions which included an exculpatory clause was unconscionable. Appellees further contended that these provisions were void due to a lack of mutual assent and that they were not applicable to the minor children who were not parties to the contract. The trial court accepted Appellees' arguments and entered its order denying the petition to compel arbitration. This appeal followed.

¶ 3 In this appeal Appellants question whether the enforcement of the arbitration provision is consistent with and favored by law and public policy, and whether the arbitration clause can be applied to the claims brought on behalf of the minor children. Additionally, Appellants claim the trial court erred in refusing to stay the entire action pending the outcome of an arbitration proceeding. An examination of the contractual provision at issue is necessary for a review of these claims. It provides:

> ARBITRATION. The Purchaser (including anyone claiming through Purchaser) and Terminix agree that all matters in dispute between them, including but not limited to any controversy or claim between them arising out of or relating to this agreement or to the identified property in any way, whether by virtue of contract, tort or otherwise, shall be settled exclusively by arbitration. Such arbitration shall be conducted in accordance with the Commercial Arbitration Rules then in force of the American Arbitration Association. The arbitra-

tors shall be bound by rules of substantive law and shall not be bound by the rules of evidence, whether or not set out by statute, except for provisions relating to privileged communications. The arbitrator shall give effect to any and all waivers, releases, disclaimers, limitations and other terms and conditions of this Agreement. Therefore, the award shall not, and the arbitrator shall not have the power or authority to, hold Terminix responsible for (i) the repair or replacement of any damage to the identified property, (ii) loss of anticipated rents and/or profits, (iii) direct, indirect, special, incidental, consequential, exemplary or punitive damages, or (iv) damages or penalties relating to or arising out of any claim alleging any deceptive trade practice. Each party shall be responsible for paying any attorneys' fees, expert witness fees and other expenses it incurs on its behalf in connection with the arbitration, plus one half the arbitrator's fee and one half of any expenses incurred by the arbitrator, and the award shall assess the arbitrator's fees and expenses accordingly.... Neither party shall sue the other party with respect to any matter in dispute between the parties other than for enforcement of this arbitration provision or of the arbitrator's decision, and a party violating this provision shall pay the other party's costs, including but not limited to, attorneys' fees, with respect to such suit and the arbitration award shall so provide.

The front of the agreement included the following language beneath the signature line and under the cancellation notice: "The Terms and Conditions on the reverse side, including the arbitration agreement are part of this Agreement." The agreement also contained a limitation of liability provision which states that notwithstand-

ing any claim of negligence by Terminix, its sole responsibility is to "re-treat" the property.

¶ 4 If a valid arbitration agreement exists between the parties and the claim is within the scope of the agreement, the matter must be submitted to arbitration. *Messa v. State Farm Ins. Co.*, 433 Pa.Super. 594, 641 A.2d 1167 (1994). Appellants are correct in noting that this is in accord with Pennsylvania's public policy, which is to favor the settlement of disputes by arbitration. *Children's Hospital of Philadelphia v. American Arbitration Ass'n*, 231 Pa.Super. 230, 331 A.2d 848 (1974). The question here, however, is whether this agreement to arbitrate is itself against public policy due to the limitation of authority afforded the arbitrators under the terms of the contract. This limitation directs that the arbitrator shall be powerless to hold Terminix responsible for, among other things, "special, incidental, consequential, exemplary or punitive damages." Thus, the arbitrator would be without authority to award Appellees damages for physical injuries which occurred due to Appellants' negligence. The trial court found that "given the circumstances of this case where ultrahazardous pesticides have been applied in a residential setting, it would be unconscionable and against public policy to compel arbitration and preclude Plaintiffs, including their minor children, from pursuing this action to vindicate their rights." Trial Court Opinion, 1/17/01, at 3.

¶ 5 "The phrase 'public policy' has been used in a general sense to mean that in certain egregious circumstances a contract will be declared void if it is 'so obviously for or against the public health, safety, morals or welfare that there is virtual unanimity in regard to it, that a court may constitute itself the voice of the community.'" *Jeffrey v. Erie Ins. Exch.*, 423 Pa.Super. 483, 621 A.2d 635, 640 (quoting *Mamlin v. Genoe*, 340 Pa. 320, 17 A.2d 407, 409 (1941)). In this instance we are faced with a contract which denies the arbitrator the authority to award damages for personal injury which is alleged to have been caused by the application of a pesticide product in and around Appellees' home. It is the absence of the authority to afford relief for personal injury in this consumer contract which we find contrary to public policy.

¶ 6 In some instances courts have upheld limitation of damages provisions, but the courts look to the parties involved to ensure that there is no disparity between the entities in either bargaining power or sophistication. *Moscatiello v. Pittsburgh Contractors Equipment Co.*, 407 Pa.Super. 363, 595 A.2d 1190 (1991). Thus, under Pennsylvania law in a commercial setting a contractual provision limiting warranties, establishing repair or replacement as the exclusive remedy and excluding liability for special, indirect and consequential damages is generally valid and enforceable. *New York State Electric & Gas Corp. v. Westinghouse Electric Corp.*, 387 Pa.Super. 537, 564 A.2d 919 (1989). However, in a consumer contract there is most often disparity between the parties.

¶ 7 This Court, in *Lobianco v. Property Protection, Inc.*, 292 Pa.Super. 346, 437 A.2d 417 (1981), considered the parties' rights under a consumer contract where the appellant sought to recover the value of jewelry stolen from her home when a burglar alarm system installed by the appellee failed to work. The parties had an agreement which included a clause limiting liability to the cost of repair of the alarm system. The court ultimately ruled that the clause limiting the appellee's liability to the cost of repair should be enforced, but the court stated that its conclusion

extended only to the loss of damage to possessions. It stated that it expressed no opinion regarding the clause's validity if it had referred to loss or damage to persons. The court looked to the provisions of the Uniform Commercial Code in reaching its conclusion. It cited Section 2719(c) of the UCC which provides:

> Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not.

13 Pa.C.S.A. § 2719(c). The court recognized that it was considering a loss of property not an "injury to the person" and thus the presumption of unconscionability did not apply to the limitation clause it was reviewing.

¶ 8 In this case the contract contained a clause denying the arbitrators the power to award damages for personal injury. The parties have not argued the applicability of the UCC's limitation of consequential damages provision found in 13 Pa.C.S.A. § 2719(c) to this case. Therefore we will not determine whether this contract falls under the UCC provisions. However, we note that this provision recognizes that a limitation of consequential damages provision for injury to the person in the case of consumer goods is prima facie unconscionable.[2] We find this statutory provision lends support to our conclusion that the provision of this contract which denies the arbitrator the authority to award conse-

quential damages for injuries to the person is unconscionable and against public policy. As the trial court noted, these Appellants are in the business of applying insecticides in a residential setting. We agree with the trial court that in this situation a contract clause, which essentially limits liability for injury to the person, is unconscionable and unenforceable as against public policy.

¶ 9 The trial court also found that the limiting language found in the arbitration clause was on the reverse side of the form and was thus inconspicuous and did not adequately put plaintiffs on notice of the legal rights they were waiving. It further ruled that the arbitration provision did not apply to the minor children. Appellants argue against these rulings and offers citations to federal court decisions. We find no need to comment on these rulings as our decision finds this contract provision, by its terms, is against public policy and unenforceable.

¶ 10 Appellants also contend that the arbitration provision is severable from the limitation of damages provision and suggest that this court enforce the arbitration provision and allow the arbitrator to determine whether the limitation of damage language is against public policy. We cannot accept this argument because the arbitration provision is not independent of the limitation of damage provision. Contained under one heading of "Arbitration" the contract directs that all matters in dispute be settled exclusively by arbitration, by an arbitrator who shall have limited powers. This arbitrator will not

---

2. We note that at least one court surmised that the Pennsylvania Supreme Court would find that Terminix was the seller of goods when it applied hazardous termiticide to the plaintiff's home. *Villari v. Terminix International Inc.,* 677 F.Supp. 330 (E.D.Pa.1987). The court remarked: "[w]e think it [The Pennsylvania Supreme Court] would agree

with one commentator in the UCC warranty setting that 'the proposition that there is no sale when goods pass from one person to another in the context of a service-predominated contract is a legal fiction which merely serves to deprive the consumer of needed protection.' " *Id.* at 334 (citations omitted).

have the authority to hold Appellants responsible for the damages claimed by Appellees. The arbitration provision not only provides for arbitration but at the same time limits the arbitrator's authority. The limitation of liability language is not independent of the agreement to arbitrate. These provisions are not distinct. The same contractual provision that directs arbitration limits the authority of the individual conducting that arbitration. We find the entire arbitration clause, as a whole, must fail.

¶ 11 Accordingly, finding the instant arbitration provision violates public policy we affirm the trial court's denial of Appellants' motion to compel arbitration.

¶ 12 Appellees have filed a motion to quash the appeal which we deny. Motion to quash denied. Order affirmed.